No. 718 July 29, 2026 841

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD DONALD HENLEY,
*Defendant-Appellant.*

Polk County Circuit Court
24CR03521; A185231

Monte S. Campbell, Judge.

Submitted July 1, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for first-degree criminal mischief for destroying various items of the victim's property, with an estimated value of over $1,220. On appeal, defendant claims that the trial court plainly erred by failing to provide a mental-state instruction for the "value" element of first-degree criminal mischief. We accept the state' concession that the trial court erred, but affirm despite the error, because it had little likelihood of affecting the jury's verdict.

In a fit of rage, defendant smashed the victim's cell phone, potted plants, lamp, table, and various items from inside her refrigerator. The trial court failed to instruct the jury that to convict defendant of first-degree criminal mischief, it must find that he was at least criminally negligent as to the fact that the damaged property had a combined value of $1,000 or more. That failure was plainly erroneous. *See State v. Waterman*, 319 Or App 695, 702, 511 P3d 78 (2022) (holding that in criminal mischief cases, a trial court plainly errs when it fails to instruct the jury that it had to find that defendant acted with a culpable mental state with respect to the value of the property damaged).

"Criminal negligence," in this context, means that a person "fails to be aware of a substantial and unjustifiable risk that *** the circumstance exists." ORS 161.085(10); *State v. Shedrick*, 370 Or 255, 271-72, 518 P3d 559 (2022) (so stating). "The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10). Thus, in this case, to prove that defendant acted with criminal negligence as to the value of the damaged property, the state would have to demonstrate that (1) there was a substantial and unjustifiable risk that the value of the property was $1,000 or more; (2) defendant failed to be aware of that risk; and (3) the risk that the value of the property was $1,000 or more was of such nature and degree that the failure to be aware of that risk constituted a gross deviation from the standard of care that a reasonable person would observe in the situation.

Under the circumstances of this case, the trial court's instructional error was harmless because there was little likelihood that the jury would not have found that defendant acted with at least criminal negligence as to the value of the damaged property. The state presented evidence that defendant, in a fit of rage, damaged or destroyed over $1,220 worth of the victim's belongings, including her cell phone, a collection of potted plants, a lamp, a table, and food from her refrigerator. Based on that evidence, the jury would have understood that defendant was criminally negligent with respect to the value of the damaged property—that is, that there was a substantial and unjustifiable risk that indiscriminately destroying the victim's property, including the victim's cell phone, furniture, and other belongings, would result in damage amounting to $1,000 or more. And the jury would have further understood that under the circumstances, in which defendant intended to damage that property, his failure to be aware of such a risk constituted a gross deviation from the standard of care that a reasonable person would observe in the situation. Thus, the failure to instruct the jury regarding a culpable mental state as to the value of the damaged property had little likelihood of affecting the jury's verdict.

Affirmed.